PS 8C
(05/08)

March 29, 2011

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
11 APR -1 AM 9:54

### Petition for Summons for Defendant on Pretrial Release

**Name of Defendant:** Jose Chavez-Orozco  (Spanish)     **Dkt No.:** 11CR128-001

**Reg. No.:** 24426-298

**Name of Judicial Officer:** The Honorable John A. Houston, U.S. District Judge

**Date Conditions Ordered:** December 17, 2010, before the Honorable Peter C. Lewis, U.S. Magistrate Judge

**Charged Offense:** 21 USC 952, 960: Importation of Controlled Substance

**Conditions of Release:** Restrict travel to Southern District of California, the Districts of Washington and Oregon; do not enter Mexico; report for supervision to Pretrial Services Agency (PSA) as directed by the assigned Pretrial Services Officer and pay for the reasonable costs of supervision in an amount determined by PSA and approved by the Court; not possess or use any narcotic drug or other controlled substance as defined in 21 U.S.C.§ 802, without a lawful medical prescription; not possess any firearm or other dangerous weapon or explosive device; read, or have explained, and acknowledge understanding of the Advice of Penalties and Sanctions Forms; Provide the court a current residence address and telephone number prior to release from custody and keep it current while the case is pending; actively seek and maintain full-time employment, schooling, or combination both; submit to treatment, and/or testing, no more than four times per month, as specified by the Pretrial Services Officer for drug or alcohol abuse; and clear all warrants/FTAs and pay all fines within 90 days of release.

**Modification:** None

**Date Released on Bond:** January 12, 2011

**Next Court Hearing:** May 9, 2011, at 8:30 a.m. (Sentencing)

**Asst. U.S. Atty.:** Tara McGrath       **Defense Counsel:** Sara M. Gorman (Appointed)
(619) 557-6920                                   (619) 685-3704

**Prior Violation History:** None

Name of Defendant: Jose Chavez-Orozco                                    March 29, 2011
Docket No.: 11CR128-001                                                             Page 2

## PETITIONING THE COURT

### TO SUMMON THE DEFENDANT TO APPEAR IN COURT AND ADDRESS THE ALLEGATIONS

The Pretrial Services officer believes that the defendant has violated the following condition(s) of pretrial release:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Standard Condition)** Not possess or use any narcotic drug or other controlled substance as defined in 21 USC 802, without a lawful medical prescription. | 1. On February 23, 2011, the defendant submitted a urine specimen that confirmed positive for the presence of marijuana. |
| | 2. On March 10, 2011, the defendant submitted a urine specimen that confirmed positive for the presence of marijuana. |

**_Grounds for Revocation:_**
I have received and reviewed written laboratory notification from Alere Toxicology Services, which verifies the urine specimen provided by the defendant at Merit Resource Services, on February 23, 2011, confirmed positive for marijuana. On March 18, 2011, the defendant informed me he had not used any illicit drugs while on bond. However, the defendant offered the explanation that his cousin and her friends were smoking marijuana in his presence and he is certain this circumstance would have caused his urine test to be positive.

I have received and reviewed written laboratory notification from the Alere Toxicology Services, which verifies the urine specimen provided by the defendant at Merit Resource Services, on March 10, 2011, confirmed positive for marijuana. On March 18, 2011, the defendant informed me he had not used any illicit drugs while on bond.

Name of Defendant: Jose Chavez-Orozco                         March 29, 2011
Docket No.: 11CR128-001                                              Page 3

On March 24, 2011, I received and reviewed a written interpretation letter from Alere Toxicology Services. It confirms the urine specimen collected on February 23rd is considered new use, based on the length of time the defendant continued to test positive after the last claimed marijuana use on December 14, 2011. It further confirms the urine specimen collected on March 10, 2011 is also considered new use, based on the lack of significant decrease in levels and the length of time the defendant continued to test positive after the specimen collected on February 23rd.

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Special Condition)** Submit to treatment, and/or testing, at the discretion of the pretrial officer assigned to your case, no more than four times per month for drugs or alcohol. | 3. On February 16, 2011, the defendant failed to appear for drug treatment, as directed. |
| | 4. On February 17, 2011, the defendant failed to appear for drug treatment, as directed. |
| | 5. On February 23, 2011, the defendant failed to appear for drug treatment, as directed. |
| | 6. On March 2, 2011, the defendant failed to appear for drug treatment, as directed. |
| | 7. On March 4, 2011, the defendant failed to appear for drug treatment, as directed. |

*Grounds for Revocation:*

I have received and reviewed the Substance Abuse Testing Instructions, dated and signed by the defendant on January 11, 2011. The instruction letter informs the defendant he will need to call the testing vendor on a daily basis. I have received and reviewed the Prob. 45 form, dated and signed by the defendant on January 18, 2011. This document provides the testing number for Merit Resource Services and his testing color.

I have received and reviewed written notifications from Merit Resource Services, which verify the defendant failed to appear for outpatient drug treatment on February 16th, 17th, 23rd, March 2nd, 4th, and the 11th of 2011. Merit Resource Services is an outpatient drug treatment program contracted by U.S. Probation in Yakima, Washington. On January 28, 2011, Merit Resource Services recommended the defendant be placed in their intensive outpatient treatment program based on the defendant's drug history.

United States Probation Officer (USPO) Jim Moon contacted the defendant after he was notified the defendant failed to appear for drug treatment on February 16th and February 17th. The defendant stated he thought he was supposed to begin treatment on February 23, 2011, and apologized for the misunderstanding.

USPO Moon contacted the defendant after he was notified the defendant failed to appear for drug treatment on February 23, 2011. The defendant reported he had fallen ill. USPO Moon directed the defendant to advise his counselor in the future if he is unable to attend a session. The defendant agreed to do so.

USPO Moon contacted the defendant after he was notified the defendant failed to appear for drug treatment on March 2, 2011. The defendant reported he had lost the telephone number for Merit but he went to the program and informed the receptionist that he was ill. The receptionist directed the defendant to speak to his counselor and provided him with the number. The receptionist informed the defendant he could only be excused by his counselor. The defendant's counselor reported to USPO Moon that he did not receive a call from the defendant.

USPO Moon contacted the defendant after he was notified the defendant failed to appear for drug treatment on March 4, 2011. The defendant stated his aunt was extremely ill and he was caring for her. Again, the defendant failed to contact his counselor that he would be missing his group session.

On March 23, 2011, the defendant was terminated from the intensive outpatient drug treatment, due to his noncompliance and continued positive marijuana tests. Merit Resource Services recommends the defendant enter a residential treatment program. USPO Moon reported their district has no funding for residential treatment and the defendant would have to apply for funding through the state or pay on his own.

## SUPERVISION ADJUSTMENT

Mr. Chavez began pretrial supervision on January 12, 2011. Previously, the Court was notified a positive marijuana test taken on January 28, 2011. However, it was determined the urine specimen was residual use based on the defendant's last reported marijuana use on December 14, 2011. This information was reported to the Court and the Court agreed to take no action. It should be noted the defendant's urine test taken on February 15, 2011 was negative. It appears from the time the defendant was referred to his outpatient treatment, he has had difficulty in attending and refraining from illicit drug use.

It should be noted there are two pending urine specimens collected on March 18 and March 22, 2011, that screened positive for the presence of marijuana. The March 18th urine specimen was confirmed positive for marijuana by Alere. However, we are awaiting for an interpretation letter from Alere to determine if the March 18th positive test is from new use or residual from the March 10th positive urine specimen. The March 22nd urine specimen has not yet been confirmed.

PS 8C
(05/08)

| | |
|---|---|
| **Name of Defendant:** Jose Chavez-Orozco | March 29, 2011 |
| **Docket No.:** 11CR128-001 | Page 5 |

Criminal computerized record checks reveal the defendant's warrant (#FF618314) issued on January 30, 2007, for a failure to appear in Morgan Hill, California, has not been cleared. On January 12, 2011, the Court ordered the defendant to clear all failures to appear and/or warrants within ninety days of his release. The defendant was released from custody on January 12, 2011. In addition his California driver's license remains suspended or revoked due to the above noted matter.

## RECOMMENDATION/JUSTIFICATION

Mr. Chavez's behavior clearly demonstrates his inability to comply with his conditions of release. For this reason, we request the defendant be cited to appear before Your Honor for a Bond Revocation Hearing on April 11, at 9:30 a.m., and to show cause why his pretrial release should not be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 03/29/11

Respectfully submitted:
LORI A. GAROFALO
CHIEF PRETRIAL SERVICES OFFICER

by _____
Eleonor Ruiz
U.S. Pretrial Services Officer
(619) 557-2991
Place: San Diego, California

Reviewed and approved:

_____
Jeff Larsen
Supervising U.S. Pretrial Services Officer

PS 8C
(05/08)

**Name of Defendant:** Jose Chavez-Orozco                                    March 29, 2011
**Docket No.:** 11CR128-001                                                              Page 6

---

## THE COURT ORDERS:

__✓__   **AGREE**, cite the defendant to appear on April 11, 2011, at 9:30 a.m., for a Bond Revocation Hearing, to show cause why his bond should not be revoked.

_____   Other _____

_____

_____


__[signature]_____                          __3-29-11_____
The Honorable John A. Houston                              Date
U.S. District Judge